UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-282-JST (RNBx)                    Date:  March 1, 2012
Title:  Leonard Brown, et al. v. Wells Fargo Home Mortgage, Inc., et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|   Ellen Matheson   |          N/A          |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE WHY THIS
CASE SHOULD NOT BE DISMISSED FOR LACK OF
SUBJECT MATTER JURISDICTION**

        This action was filed in this Court on February 23, 2012.  However, it appears that
the Court may lack subject matter jurisdiction.  The Court may raise the issue of subject
matter jurisdiction at any time, sua sponte.  *See U.S. Catholic Conference v. Abortion
Rights Mobilization,* 487 U.S. 72, 79 (1988).  If "the court determines at any time that it
lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.
12(h)(3).  As the party invoking federal jurisdiction, Plaintiffs have the burden of
establishing the actual existence of subject matter jurisdiction. *See Kokkonen v. Guardian
Life Ins. Co*., 511 U.S. 375, 377 (1994).  The burden, at the pleading stage, must be met
by pleading "a short and plain statement of the grounds for the court's jurisdiction . . . ."
Fed. R. Civ. P. 8(a)(1).

        Subject matter jurisdiction may be established by the presence of an action arising
under federal law.  *See* 28 U.S.C. § 1331.  The determination as to whether the case
"arises under" federal law is governed by the "well-pleaded complaint rule," which
provides that "federal jurisdiction exists only when a federal question is presented on the
face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S.
386, 392 (1987).  In the Complaint before the Court, Plaintiffs Leonard Brown and
Norma Brown (collectively "Plaintiffs") reference "U.S.C. Title 12, Sec 27, §2605."
(Compl. at 4, Doc.1.)  However, it does not appear that any of the claims asserted in
Plaintiffs' complaint "arise under" this statute, or any other federal law, in order to
properly allege subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 12-282-JST (RNBx)                    Date:  March 1, 2012

Title:  Leonard Brown, et al. v. Wells Fargo Home Mortgage, Inc., et al.

Subject matter jurisdiction may also be based on the presence of complete diversity between the parties.  *See* 28 U.S.C. § 1332.  Plaintiffs' Complaint sets forth the citizenship of the parties.  (Compl. at 4-5.)  However, Plaintiffs are not diverse from all Defendants; therefore, jurisdiction is not established by diversity.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806).

Accordingly, the Court orders Plaintiffs to show cause in writing no later than March 19, 2012 as to why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Failure to respond by the above date will result in the Court dismissing this action.

The Court further orders that Plaintiffs shall promptly serve this minute order on any defendant who has been served with the Complaint, or who is served before the date specified above.

Initials of Preparer:  <u>enm</u>